**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge

**Dated: February 9 2012**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 11-32390 |
| | ) | |
| Darrell M. Crosgrove, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION REGARDING MOTION TO DISMISS

This case is before the court on a Motion to Dismiss Case ("Motion") pursuant to 11 U.S.C. § 707(a) filed by the United States Trustee ("UST") [Doc. # 13] and Debtor's response [Doc. # 16]. The UST seeks dismissal of this case for cause, asserting that Debtor is not "honest or unfortunate" since his own criminal conduct precipitated this bankruptcy filing. The UST further asserts that cause exists because Debtor's petition and related bankruptcy documents were signed by his wife as his attorney-in-fact rather than by Debtor himself. The court held a hearing on the Motion that Debtor's wife, Debtor's counsel and counsel for the UST attended in person. Having considered the UST's Motion and Debtor's response, for the reasons that follow, the court will deny the Motion.

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of Ohio. Proceedings to determine motions to dismiss a case under § 707(a) are core proceedings that the court

may hear and determine under 28 U.S.C. § 157(b)(1) and (b)(2)(O).

## BACKGROUND

Debtor's wife, September Arriaga, filed as attorney-in-fact on behalf of Debtor a Chapter 7 petition on April 27, 2011. The petition states that Debtor's debts are primarily business debts. Debtor did not sign the petition, the Declaration Concerning Debtor's Schedules, the Statement of Financial Affairs or the declaration regarding electronic filing. Instead, Debtor's wife, acting as attorney-in-fact under a power of attorney executed by Debtor on April 28, 2009, signed the bankruptcy documents. The power of attorney specifically includes authority to "[d]eal with my debts including the signing and filing of a bankruptcy petition on my behalf..." [Doc. # 3]. It was filed on commencement of the case, as was a document entitled Acceptance of Power of Attorney and Statement of Fiduciary that was signed by Arriaga on April 24, 2009. [*Id.*]. Debtor is a former attorney who, at the time of filing, was incarcerated.

Debtor's schedules show unsecured nonpriority debt in the amount of $3,017,296.62, which includes a criminal restitution debt in the amount of $2,896,632.00. [*See* Doc. # 1, Schedule F, pp. 27-31/49]. The record reflects the fact that Debtor's attorney informed him prior to filing that the restitution debt was nondischargeable. The remaining debts include expenses related to Debtor's former law practice, credit card debt, and legal fees for representation in the prior criminal proceeding.

## LAW AND ANALYSIS

The UST moves for dismissal of this case "for cause" under 11 U.S.C. § 707(a), which provides that "[t]he court may dismiss a case under this chapter only after notice and a hearing and only for cause. . . ." As the moving party, the burden of proving "cause " under § 707(a) is on the UST. *Simon v. Amir (In re Amir)*, 436 B.R. 1, 16 (B.A.P. 6th Cir. 2010).

As cause for dismissal, the UST first contends that Debtor has not demonstrated good faith. The Sixth Circuit has interpreted the "for cause" provision of § 707(a) as permitting a bankruptcy court to dismiss a Chapter 7 petition if it finds that the petition was not filed in good faith. *Indus. Ins. Servs., Inc. v. Zick (In re Zick)*, 931 F.2d 1124, 1126-27 (6th Cir. 1991). The Sixth Circuit cautioned, however, that dismissal "should be confined carefully and is generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, and excessive and continued expenditures, lavish lifestyle, and intention to avoid a large single debt based on conduct akin to fraud, misconduct, or gross negligence." *Id.* at 1129. In other words, the focus in a good faith analysis is a debtor's good faith, or lack thereof, in dealing with his creditors and in filing his petition. "The decision to dismiss under

§ 707(a) is an equitable determination and is within the bankruptcy court's discretion." *Simon v. Amir (In re Amir)*, 436 B.R. 1, 16 (B.A.P. 6th Cir. 2010).

In this case, the UST contends that Debtor's lack of good faith is demonstrated by reviewing his bankruptcy schedules, which show that, apart from his criminal restitution debt, his largest creditor is a law firm owed fees for representation in the prior criminal proceeding. Thus, the UST argues, Debtor is not an honest but unfortunate debtor since, rather than catastrophic or unforeseen events having caused him to file this case, his own criminal conduct precipitated his bankruptcy filing. While it is true that Debtor's criminal restitution debt of $2,896,632.00 constitutes the majority of his unsecured debt, that alone is insufficient to find cause for dismissal of this case. The Bankruptcy Code specifically provides the treatment for such a debt, which is nondischargeability, not dismissal of the debtor's bankruptcy case. *See* 11 U.S.C. § 523(a)(13).

There is no evidence that Debtor has concealed or misrepresented assets or that he has continued a lavish lifestyle reflective of a lack of good faith in dealing with his creditors. And there is no evidence that Debtor caused his petition to be filed in order to avoid paying the restitution debt. He was informed of the nondischargeability of the debt, and § 523(a)(13) is self-executing – it does not require a creditor to file a complaint to determine dischargeability. *See* 11 U.S.C. § 523(c) (requiring a court determination of nondischargeability only with respect to debts of a kind specified in § 523(a)(2), (4) and (6)). Rather than an attempt at avoiding payment of the restitution debt, a discharge in this case will make Debtor's ability to pay the debt when he is released from prison more likely than it would be had he not filed a Chapter 7 petition. As there is no evidence that Debtor lacked good faith in dealing with his creditors or in filing his petition, dismissal for a lack of good faith is not warranted.

The UST also argues that the case should be dismissed because the petition was not signed by Debtor. "'It appears well settled that a bankruptcy case may be commenced through an attorney-in-fact in appropriate circumstances.'" *In re O'Connor*, No. 08-16434, 2009 WL 161601, *2, 2009 Bankr. LEXIS 1376 (Bankr. E.D. Mich. 2003) (quoting *In re Curtis*, 262 B.R. 619, 622 (Bankr. D. Vt. 2001) (collecting cases)); Fed. R. Bankr. P. 9010(a) (providing that a debtor may "perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy."). A petition may be commenced by a non-debtor under a power of attorney if (1) the debtor is eligible to be a debtor under 11 U.S.C. § 109, (2) the commencement of a bankruptcy case is within the scope of authority granted to the attorney-in-fact, and (3) such action by the attorney-in-fact does not constitute the practice of law. *Id.*; *In re Curtis*, 262 B.R. at 622; *In re Hurt*, 234 B.R. 1, 2 (Bankr. D.N.H. 1999). In addition, the petitions and schedules must reflect

11-32390-maw    Doc 21    FILED 02/09/12    ENTERED 02/09/12 14:31:54    Page 3 of 4

that they were executed by the non-debtor in his representative capacity and a copy of the power of attorney must be filed with the petition. *In re Hurt*, 234 B.R. 1, 2-3 (Bankr. D.N.H. 1999).

Some courts also require that the power of attorney include specific language granting the power to file a bankruptcy case. *See In re Brown,* 163 B.R. 596, 598 (Bankr. N.D. Fla. 1993); *cf.* Ohio Rev. Code § 1337.20(V)(7) (providing that "[l]anguage in a power of attorney granting power with respect to claims and litigation authorizes the attorney in fact to . . . [a]ct for the principal with respect to a voluntary or involuntary bankruptcy or insolvency proceeding concerning the principal. . . ."). In addition, some courts consider whether there are any extraordinary circumstances at the commencement of the bankruptcy case. *See In re Brown*, 163 B.R. at 597-98;

In this case, there is no dispute that Debtor is eligible as a debtor under § 109. The power of attorney executed by Debtor was filed with the petition and expressly authorizes Arriaga to sign the bankruptcy documents. Arriaga signed the petition, "Darrell Crosgrove by September Arriaga POA," clearly reflecting her representative capacity. And Arriaga, on behalf of Debtor, is represented in this case by counsel. The mere signing of a bankruptcy petition and related bankruptcy documents on behalf of a debtor does not constitute the practice of law. *In re O'Connor*, No. 08-16434, 2009 WL 161601, *2, 2009 Bankr. LEXIS 1376, *6. While a general concern regarding the use of a power of attorney is that the attorney-in-fact will take advantage of the represented party, there is no evidence that would give rise to a concern that Arriaga does not have the best interests of her husband in mind.

At the hearing, the UST also argued that Debtor's circumstance is not one that warrants use of a power of attorney in filing his bankruptcy petition. The court disagrees. Debtor was incarcerated at the commencement of the case. The court finds this to be an "exceptional circumstance" such that use of a power of attorney is appropriate. Finally, the UST argues that the power of attorney was not effective because Arriaga's acceptance of the power of attorney was signed on April 24th, 2009, prior to Debtor's grant of power of attorney on April 28, 2009. However, the court has found, and the UST cites, no Ohio authority requiring written acceptance of a power of attorney before it becomes effective.

For the foregoing reasons, the court will deny the UST's motion to dismiss this case. The court will enter a separate order in accordance with this Memorandum of Decision.

4